JAMES HORRABIN & COMPANY, Appellant, v. CITY OF DES MOINES et al., Appellees.

**CONTRACTS:** Construction—Construction Against Ambiguous Drafter. The bid of a public contractor will, when ambiguous, be construed most strongly against him, and in the light of the extraneous circumstances bearing on the intent of the parties.

*Appeal from Polk District Court.*—JAMES C. HUME, Judge.

NOVEMBER 14, 1922.

REHEARING DENIED APRIL 3, 1923.

THIS is an action to recover an alleged balance due the contractor upon a paving contract. The suit is brought in equity, and plaintiff prays therein that assessment be made against benefited property. The answer is a general denial. There was a trial to the court, and a decree dismissing the petition. The plaintiff appeals.—*Affirmed.*

*Miller, Kelly, Shuttleworth & Seeburger,* for appellant.

*C. W. Lyon, Edwin J. Frisk, Chauncey A. Weaver,* and *Russell Jordan,* for appellees.

EVANS, J.—The plaintiff was a contractor, who entered into a contract with the defendant city on May 2, 1919, to construct certain paving upon Franklin Avenue. The plaintiff made a written bid, pursuant to a written proposal by the city. The

one question in the case is what construction should be put upon the language of the plaintiff's bid. The written bid is referred to in the evidence, but by some evident oversight, troublesome to us, neither the written bid nor the contract, nor the ambiguous language which has given rise to the controversy, is contained in the abstract. We go reluctantly to the transcript, for the purpose of saving the consideration of the case upon its merits. The proposals to contractors contained the following:

"Bitulithic upon 5-inch Portland cement, concrete foundation, header and curb as specified to be included in the price per square yard for paving."

Plaintiff's bid offered to do the bitulithic paving for $4.64 per yard. It also contained the following:

"The above bid includes all curbing shown on plans— 5,320 header—curb—5,160 ft. combined curb."

The foregoing language was adopted, in substance, in the resolution of acceptance of the bid, and in the formal contract entered into pursuant thereto.

The ambiguity of the foregoing language presents the question whether the bid per square yard for the paving was intended to include the cost of header and curbing, without extra charge. The contention of the city is for the affirmative upon this question, whereas that for the plaintiff is for the negative. There were 5,320 lineal feet of header and 5,160 lineal feet of curbing. This lineal dimension was stated in the bid. The measurement upon which the certificates of payment were based included the bitulithic pavement only. It did not include any area covered by the header and curbing. The contention for plaintiff is that this area should have been included in the measurement, and that it amounted to 675 square yards, and that it should have been paid for at the rate of $4.64 per yard; whereas, the defendant city contends that the cost of header and curbing was taken account of in fixing the size of the bid for the bitulithic pavement, and that, according to the terms of the bid and contract, no extra charge was contemplated therefor.

It will be seen that the language above quoted is capable of either one of the two constructions contended for. The ambiguous language under consideration was formulated by the

plaintiff and included in his bid. The instrument, therefore, must be construed most strongly against him. Oral evidence was taken, tending to indicate the construction which the parties put upon the bid in advance of its acceptance. This is in conflict, the city engineer testifying to one effect and the plaintiff testifying to the other. Some circumstances also are put in evidence which tend to throw some light upon the proper construction. It is made to appear that the current value for bitulithic paving at that time was from $3.40 to $3.50 per square yard, if the burden of header and curbing were eliminated. It is contended, therefore, by the city that the extra $1.14 for the paving was justified and accepted by the city, only to cover the additional cost of header and curbing. The evidence of the plaintiff concedes, in effect, that the agreed price of $4.64 per square yard was greater than the current value of bitulithic paving, and that a part of the cost of curb and header was included or absorbed therein, but that not *all* of such cost was so included. To be more specific, he claims that the current value of the curb was 60 cents per lineal foot, and that of the header, 40 cents per lineal foot; that to estimate the cost of header and curbing at $4.64 per square yard would be the equivalent of only 25 cents per lineal foot; and that only the difference between the 25 cents a lineal foot and the 60 cents or 40 cents for header was included in the bid for paving. It appears, therefore, from the evidence on both sides that the bid of $4.64 per square yard for "bitulithic paving" was intended to cover other costs than that of the paving itself. The area of the paving itself was 7,067 square yards. The margin of $1.14 per square yard over and above the current value of $3.50 per square yard worked an inclusion into the bid of approximately $8,000 for other costs than that of the paving itself. The total cost of header and curbing, amounting to 5,320 lineal feet and 5,160 lineal feet respectively, at 40 cents and 60 cents respectively per lineal foot, would amount to a total cost of about $5,200. This is substantially less than the margin of $8,000 included in the bid over and above the recognized current value of bitulithic paving. This circumstance tends strongly to support the theory contended for by the city and found by the trial court. There is another circumstance in the form of the

language of the proposal and of the bid and of the contract. The area of the bitulithic pavement was stated in square yards. The area of the header and curbing was not stated. The lineal feet of each were stated, but no price was fixed thereon. If it was the intent to include in the computation the area of header and curb, it was as important to state such estimated area as it was to state the area of the bitulithic paving.

We reach the conclusion, in the light of these extraneous circumstances, that the ambiguity should be resolved in favor of the city, and in accord with the finding of the district court. The judgment below is, accordingly, affirmed.—*Affirmed.*

STEVENS, C. J., ARTHUR and FAVILLE, JJ., concur.